IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CHARLES RAYMOND EVANS, III, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-54 |
| v. | |
| COFFEE CORRECTIONAL FACILITY, WARDEN DANFORTH, and ASSISTANT WARDEN STONE, | |
| Defendants. | |

## O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

### PLAINTIFF'S CLAIMS[2]

Plaintiff is an inmate at Coffee Correctional Facility in Nicholls, Georgia.  Doc. 1 at 3.  Plaintiff states he was sexually assaulted by another inmate on June 22, 2024.  Id. at 5.  The incident was reported to a staff sergeant and to a Prison Rape Elimination Act ("PREA") representative.  Plaintiff claims the same inmate was sexually harassing him in late March or

---

[1] Plaintiff has consented to the undersigned's plenary review.  Doc. 9.

[2] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

early April 2024.  Plaintiff reported the harassment to his mental health counselor through the prison request form process twice.  Plaintiff states he hand delivered the second request form to a mental health staff member.  Plaintiff claims the June 22, 2024 incident would not have taken place if staff members had responded to his previous requests.  Plaintiff states the prison has taken no actions to punish the other inmate or to assist Plaintiff.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I.     **Plaintiff's Claims Against Coffee Correctional Facility**

Plaintiff names Coffee Correctional Facility as a Defendant. Doc. 1. In order to state a claim for relief under § 1983, a plaintiff must allege that "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, penal institutions and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Dumas v. CoreCivic, Civil Action No. 5:20-cv-122, 2021 WL 1733499, at *1 (S.D. Ga. May 3, 2021) (holding, under the Eleventh Amendment, a plaintiff could not maintain plausible claims against the Department of Corrections or the private corporation which operated the prison named in the suit).

Because Coffee Correctional Facility is a state prison, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **DISMISS** all claims against Coffee Correctional Facility.

II.    **Plaintiff's Claims Against Defendants Danforth and Stone**

Plaintiff names Warden Danforth and Assistant Warden Stone as Defendants. Doc. 1. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff has not made any allegations

against Defendants Danforth and Stone.  Although Plaintiff lists the Defendants in the case caption, he has not alleged any facts related to Defendants Danforth and Stone in his Complaint.  Plaintiff makes no allegations showing any actions by the named Defendants.  Plaintiff only claims he reported the harassment to other mental health staff members.  Plaintiff has failed to state any allegations associating Defendants Danforth and Stone with a legal wrong.  For these reasons, I **DISMISS** Plaintiff's claims against Defendants Danforth and Stone.

To the extent Plaintiff seeks to hold Defendants Danforth and Stone liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendants Danforth and Stone participated in the events forming the basis of any of Plaintiff's claims.  Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Danforth and Stone violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts

4

the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants Danforth and Stone.  Accordingly, I **DISMISS** the claims against Defendants Danforth and Stone.

### III.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in*

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 21st day of May, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA